# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **GREAT WEST CASUALTY INSURANCE COMPANY,** *Plaintiff,* v. **DEXTER BURNS, QUANDRALYN PAUL, JAKE FAISON, DUNAVANT TRANSPORTATION GROUP LLC,** *Defendants.* | **CIVIL ACTION NO.** **5:19-cv-00006-TES** |

## ORDER GRANTING ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO INTERVENE AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court for consideration are two motions in this declaratory judgment action filed by Great West Casualty Insurance Company ("Great West"). First, is a Motion to Intervene [Doc. 27] filed by Atlantic Specialty Insurance Company and second is a Motion for Default Judgment [Doc. 30] as to Defendant Jake Faison filed by Great West. After a brief factual synopsis, the Court rules on the two motions below.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 4, 2018, Defendant Faison was involved in an accident with a vehicle driven by Defendant Paul in which Defendant Burns was also a passenger [Doc. 1 at ¶¶ 15–16]. Defendant Faison, with his wife as his passenger, drove a road tractor leased to

Defendant Dunavant Transportation Group, LLC ("Dunavant"). [*Id.* at ¶¶ 17–18]. On the day of the accident, Defendant Faison was not operating the leased road tractor in furtherance of Dunavant's business and indicated on his driver logs that he was "off duty" and "on a personal conveyance." [*Id.* at ¶ 20–21].

On July 18, 2018, Paul and Burns each filed separate personal injury lawsuits in the State Court of Bibb County. [*Id.* at ¶ 24]. In their respective state-court complaints, Paul and Burns each contend that at the time of the accident, Defendant Faison may have been "acting in the course and scope of his employment and in furtherance of the business of Dunavant," or Defendant Faison may not have been "acting in the course and scope of his employment and in furtherance of the business of Dunavant." [Doc. 30-1 at p. 2 (citing [Doc. 1 at ¶ 25])]. Pursuant to Dunavant's insurance coverage under Commercial Lines Policy Number MCP11922D, "Great West contends that it has no obligation to defend or indemnify Defendant Faison in connection with the Negligence Actions as there is no coverage provided by the Policy, because Defendant Faison was not operating his road tractor in Dunavant's business as a motor carrier for hire at the time of the subject [a]ccident." [*Id.* at p. 3 (citing [Doc. 1 at ¶ 31])].

Seeking a declaratory judgment that it indeed has no such obligation, Great West filed the instant lawsuit on January 4, 2019, and represents that Defendant Faison "was duly served with a copy of the summons and the Complaint on February 7, 2019." [*Id.* (citing [Doc. 15])]; *see also* [Doc. 1 at p. 9]. Given that Defendant Faison failed to file an

Answer or otherwise respond to the Complaint within 21 days from the purported "date of service," Great West made application to the Clerk of Court for an Entry of Default against him. [Doc. 23].

## DISCUSSION

1. **Atlantic Specialty Insurance Company's Motion to Intervene**

As a preliminary matter, the Court addresses Atlantic Specialty Insurance Company's ("Atlantic") Motion to Intervene [Doc. 27], to which no party has raised an objection or filed a response. Atlantic brought its motion pursuant to Federal Rule of Civil Procedure 24 seeking to intervene as a respondent in above-captioned declaratory judgment action. [Doc. 27-1 at p. 1].

In order to intervene in a civil action, a party must show that

> (1) [its] application to intervene is timely; (2) [it] has an interest relating to the property or transaction which is the subject of the action; (3) [it] is so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest; and (4) [its] interest is represented inadequately by the existing parties to the suit.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Like Great West, Atlantic is a defendant in the lawsuits filed in the State Court of Bibb County. [Doc. 27-1 at p. 2]. Atlantic issued an insurance policy to TGT Transgulf Transportation LLC d/b/a Trans Gulf Transportation with the following additional insureds: Dunavant Sea Lane Express, LLC and Dunavant Trans Gulf Transportation, LLC. [*Id.*]. In its motion, Atlantic succinctly states, "[i]f the Court finds that Great West's Policy does not offer coverage

3

because Faison was not operating his vehicle in [*sic*] for a business purpose, then Atlantic Specialty's policy will possibly be triggered." [*Id.*].

Upon review of Atlantic's motion, it is clear that its interests would be impaired absent an ability to participate in this case because none of the existing parties to this action adequately represent Atlantic's interests. Accordingly, Atlantic is permitted to intervene as a respondent as a matter of right and the Court **GRANTS** Atlantic Specialty Insurance Company's Motion to Intervene [Doc. 27] as a party defendant.

**2.** **Great West Casualty Insurance Company's Motion for Default Judgment**

The second motion before the Court is Great West's Motion for Default Judgment as to Defendant Jake Faison [Doc. 30] brought pursuant to Federal Rule of Civil Procedure 55(b)(2). The Clerk entered an Entry of Default against Defendant Fasion on March 26, 2019. [Doc. 30-1 at p. 3].

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). notwithstanding this rule, the Clerk's Entry of Default does not require the Court to enter a default judgment and the Eleventh Circuit has repeatedly held that "default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *DIRECTV, Inc. v. Trawick*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005) (noting that clerk's entry of default does not require entry of default judgment).

4

Entry of default judgment is clearly inappropriate when only one of the defendants is in default. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). Applying the rule announced in *Frow*, courts in this Circuit routinely deny motions for default judgment in cases with facts that are materially identical to the facts of this case. *See, e.g.*, *Owners Ins. Co. v. Daniels*, Civil Action No. 7:12-cv-27 (HL), 2012 U.S. Dist. LEXIS 61307, at *3 (M.D. Ga. May 2, 2012) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a judgment until the trial of the action on the merits against the remaining defendants. This is especially true when an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations.") (internal citations and quotations omitted); *Auto-Owners Ins. Co. v. Envtl. House Wrap, Inc.*, No. 3:17-cv-817-J-34PDB, 2018 WL 3244008, at *3 (M.D. Fla. May 14, 2018); *Atrium 5 Ltd. v. Hossain*, Case No: 6:16–cv–1964–Orl–22TBS, 2017 WL 2562543 (M.D. Fla. May 26, 2017); *Clarendon Am. Ins. Co. v. All Bros. Painting, Inc.*, Case No: 6:13-cv-934-Orl-37TBS, 2013 WL 12149556, at **4–5 (M.D. Fla. Sept. 12, 2013).

In light of the United States Supreme Court's direction and this Circuit's well-established precedent discussing cases with an identical procedural posture, the Court

**DENIES**[1] Great West's Motion for Default Judgment [Doc. 30].

**CONCLUSION**

As discussed above, the Court **GRANTS** Atlantic Specialty Insurance Company's Motion to Intervene [Doc. 27] but **DENIES** Great West's Motion for Default Judgment [Doc. 30].

**SO ORDERED** this 10th day of April, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In light of the Court's ruling on Great West's Motion for Default Judgment, it is (at this time) of no consequence whether Defendant Faison was definitively served. Most notably, the Proof of Service [Doc. 15] as to Defendant Faison clearly indicates that the process server "left the summons at the individual's residence or usual place of abode with . . . Vicki Lovett[,] Manager, Days Inn, a person of suitable age and discretion who resides there, on . . . 2/7/2019 [at] 3:31 [p.m.]." [Doc. 15 at p. 2]. To support its allegation of effectuated service, Great West proffered an affidavit by Brenton Cole which states that "[t]he Summons and Complaint were served on Defendant Jake Faison, through the manager of his residence, at 246 Georgia Highway 49, Bryon, Georgia [(presumably Days Inn)] . . . by a private process server." [Doc. 30-2 at p. 1]. To say that Defendant Faison was "duly served," calls for obvious speculation. [Doc. 30-1 at p. 3]. A fair and reasonable reading of the Proof of Service shows that the private process server left a copy of the summons and Complaint with a manager of Days Inn, yet also claims that said manager is "a person of suitable age and discretion *who resides there* . . . ." [Doc. 30-2 at p. 2 (emphasis added)]. To the extent Plaintiff is attempting to show that a hotel manager meets the requirements for notorious service under Federal Rule of Civil Procedure 4(e)(2)(B), the Court need not and cannot conclusively determine that service has, in fact, been properly effectuated on Defendant Faison.