IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GREAT WEST CASUALTY INSURANCE COMPANY and ATLANTIC SPECIALTY INSURANCE COMPANY,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**DEXTER BURNS, QUANDRALYN PAUL, JAKE FAISON, DUNAVANT TRANSPORTATION GROUP, LLC,**<br><br>*Defendants.* | **CIVIL ACTION NO. 5:19-cv-00006-TES** |

**ORDER**

On Tuesday, November 10, 2020, the Court held a pretrial conference where all parties appeared—except Defendant Jake Faison ("Faison"). Interestingly enough, Faison was the central topic of conversation. *See* [Doc. 110]. By way of background, Faison drove the road tractor involved in the two-car accident that largely serves as the underlying basis of this action and two negligence actions pending in the State of Bibb County.[1] *See* [Doc. 1]. Appropriately, all parties in this action simply want to know

---

[1] In its Complaint, Plaintiff Great West Casualty Insurance Company ("Great West") cited to two pending negligence actions related to this matter: (1) *Dexter Burns v. Jake Faison, Dunavant Transportation Group, LLC, Great West Casualty Insurance Company, and One Beacon Services, LLC,* in the State Court of Bibb County, Civil Action No. 88969; and (2) *Quandralyn Paul v. Jake Faison, Dunavant Transportation Group, LLC, Great West Casualty Insurance Company, and One Beacon Services, LLC*, in the State Court of Bibb County, Civil Action No. 88970. [Doc. 1, ¶ 10]. Subsequent case filings have also cited to these actions. *See* [Doc. 8]; [Doc. 9]; [Doc. 20]; [Doc. 25]; [Doc. 28]; *etc.*

about the circumstances surrounding Faison's operation of the road tractor on the date of the accident. Such knowledge may prove dispositive in this action.[2] Arguably, the person best prepared to offer details about Faison's operation of the road tractor on this date, would be Faison himself, but he has failed to appear in this action. Accordingly, one of the first issues discussed during the pretrial conference involved how to prepare for a trial where Faison fails to appear. *See* [Doc. 110]. This discussion prompted the Court to reflect on its prior rulings in this action, as well as closely consider the three motions in limine pending before it.

## DISCUSSION

### A.     Default Judgments Against Faison

On August 26, 2020, Plaintiff Great West Casualty Insurance Company ("Great West") moved for default judgment against Faison for his failure to respond or otherwise defend in this matter. [Doc. 98]. The Court subsequently granted Great West's Motion for Default Judgment [Doc. 98] and entered Default Judgment [Doc. 101] accordingly. *See* [Doc. 100]. Relying on this entry, Great West argues that the Court must preclude Faison from testifying at trial as to his operation of the road tractor on the date of the accident and deny the use of his deposition testimony. [Doc. 103, p. 8]; [Doc. 110, p. 2]; *see* [Doc. 110]. Great West contends that since the Court entered default

---

[2] As the Court has noted before, this action is really a duty-to-defend dispute between two insurance carriers and the parties involved in the underlying state court actions. *See* [Doc. 91].

judgment against Faison, the allegations in its Complaint are deemed admitted against him so that the Court should disallow any testimony that counters these allegations. [Doc. 103, p. 8].

In consideration of this argument, the Court reviewed its prior grant of default judgment against Faison. During this review, the Court realized it had made a terrible error. Binding precedent and the rules of civil procedure quite clearly set the parameters for when an entry of default judgment is appropriate and when it clearly is not. In this action, the Court entered judgment when it shouldn't have.

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, upon such entry of default, the Court is under no obligation to enter a default judgment. *DIRECTV, Inc. v. Trawick*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005) (citing *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)0; *see Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (discussing how "default judgments are generally disfavored[]"). In fact, there are circumstances where a court's entry of default judgment would certainly be inappropriate. In *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), the United States Supreme Court held that when there are multiple defendants in an action, "a final decree on the merits against the defaulting defendant

alone, pending the continuance of the cause, would be incongruous and illegal." Upon consideration of this rule, courts in the Eleventh Circuit regularly deny motions for default judgments in cases involving multiple defendants, whereby an entry of default judgment against one defendant may result in the entry of inconsistent judgments against the others. *See, e.g.*, *Owners Ins. v. Daniels*, No. 7:12-CV-27 (HL), 2012 WL 1565616, at *3 (M.D. Ga. May 2, 2012) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. This is especially true when an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations.") (internal citations and quotations omitted); *Auto-Owners Ins. v. Envt'l House Wrap, Inc.*, No. 3:17-cv-817-J-34PDB, 2018 WL 3244008, at *3 (M.D. Fla. May 14, 2018) (citing cases); *Atrium 5 Ltd. v. Hossain*, No. 6:16-cv-1964-Orl-22TBS, 2017 WL 2562543, at *2–3 (M.D. Fla. May 26, 2017); *Clarendon Am. Ins. v. All Bros. Painting*, No. 6:13-cv-934-Orl-3TBS, 2013 WL 12149556 at *4–5 (M.D. Fla. Sept. 12, 2013); *Atlanta Gas Light Co. v. Semaphore Advert., Inc.*, 747 F. Supp. 715, 719 (S.D. Ga. Aug. 16, 1990) ("The purpose behind the *Frow* rule is to promote consistent verdicts.") (citation omitted).

Upon review of this caselaw, the Court clearly erred in granting Great West's Motion for Default Judgment.[3] Accordingly, since an entry of default judgment against Faison could impact the ability of the other named defendants to effectively present their cases, the Court has to immediately correct its error. For these same reasons, the Court must deny Plaintiff Atlantic Specialty Insurance Company's ("Atlantic Specialty") pending Motion for Default Judgment [Doc. 107] against Faison.

As an aside, the Court takes time to note that in vacating its previous order and entry of default judgment against Faison, it does not make light of Faison's failure to appear in this action. In fact, both Plaintiffs may file renewed motions for default judgment against Faison after the trial. But presently, the Court **VACATES** its Order [Doc. 100] granting Great West's Motion for Default Judgment against Faison and the respective Default Judgment [Doc. 101]. Furthermore, the Court **DENIES** Atlantic Specialty's Motion for Default Judgment [Doc. 107] against Faison.

**B.     Motions in Limine**

During the last half of the pretrial conference, the Court orally ruled on Great West's Motion in Limine [Doc. 103], Atlantic Specialty's Motion in Limine [Doc. 105], and Defendant Dunavant Sea Lane Express, LLC's ("Dunavant") Motion in Limine

---

[3] In fact, the Court previously denied a default judgment motion submitted by Great West, in part, for the reasoning outlined in several of the cases discussed above. *See* [Doc. 34, pp. 4–6]. The Court concedes that it cannot sufficiently explain exactly how it can rely on clear cases to deny a motion for default judgment and then ignore those same cases and grant it. In legal terms, the Court just flat out "whiffed" when it entered that default judgment.

[Doc. 104]. All parties agreed that the three motions in limine largely discussed the same general trial matters.[4] Similarly, the parties agreed that the only contested motion in limine concerned the admissibility of Faison's testimony at trial.

While it appears that the basis for excluding such testimony rests largely on the implications of a now-vacated default judgment order against Faison, the Court still reserves ruling on the matter until the date of the trial—the only date by which the parties will know for sure as to whether Faison will appear in court. Accordingly, upon resolution of the only contested motion in limine, the parties agreed to all other motions in limine during the pretrial conference.[5] Here, the Court merely confirms its oral rulings made at the pretrial conference on November 10, 2020.

## CONCLUSION

For the reasons discussed above, the Court **VACATES** its previous Order [Doc. 100] granting default judgment against Faison and its respective Default Judgment [Doc. 101]. The Court **DENIES** Atlantic Specialty's Motion for Default Judgment [Doc.

---

[4] The Court first orally ruled on Great West's Motion in Limine [Doc. 103]. Then, the Court turned to Atlantic Specialty's Motion in Limine [Doc. 105]. Counsel for Atlantic Specialty informed the Court that its Motion did not contain any matters not already addressed and resolved by the Court's initial rulings on Great West's Motion. Similarly, when the Court ruled on Dunavant's Motion, the only unresolved matter concerned whether the parties or their counsel could issue any commentary about punishing the trucking industry for their alleged role in this action—which the Court granted. [Doc. 104, p. 5].

[5] As a caveat, the Court notes that it denied only one motion in limine during the pretrial conference because it was a matter more appropriately reserved for jury instruction rather than a motion in limine. Great West and Atlantic Specialty both moved the Court to refrain from instructing the jury to draw any inference against one side whereby a witness is equally available or equally unavailable to both parties. [Doc. 103, pp. 7–8]; [Doc. 105, pp. 9–10]. To the extent the Court must view this request as a motion in limine, it is denied.

107] against Faison until resolution of this action, whereby Plaintiffs may file a subsequent motion for the Court's consideration. And lastly, the Court **GRANTS** the three Motions in Limine, [Doc. 103]; [Doc. 104]; [Doc. 105], in accordance with its oral rulings made at the pretrial conference on November 10, 2020.

**SO ORDERED**, this 2nd day of December, 2020.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**